Good morning and welcome to the Ninth Circuit. Judge Biby and I again want to thank Judge Parker from the Second Circuit for helping us out this week. We've already submitted four keys to Steve Garland and the first case we have on the Good morning. May it please the Court, Kara Hartzler, Federal Defenders, on behalf of Mr. Padilla-Lopez. This case turns on a simple principle. To seal something filed on a judicial docket, you have to show good cause, if not a compelling reason. But here, no judge ever applied either of these standards. Instead, they applied a relevant standard. Because this was the wrong legal test, and because the government has never shown good reason for continued sealing, this Court should remand with instructions to grant Mr. Padilla-Lopez access to the document. So here, both the magistrate judge and the district court didn't apply either the good cause standard or the compelling reason standard. And we know from this Court's decision in Hinkson that therefore review is automatically de novo as to the correct standard of review. And obviously we don't have access to everything in the record, but the things that we have seen, the government has never even attempted to meet the standard that is the standard that you have to show for sealing, which is good cause. Or in the case of a common law or First Amendment right, a compelling reason why the documents either needed to be sealed from the beginning or why their continued sealing is justified. So here, at a minimum, we would ask for that to happen. We would ask for this Court to remand for there to be an application of that correct legal standard. And they may not just look at the documents themselves? Certainly, the Court could look at the documents, but I think the Court also needs to then apply the standard of good cause or compelling reason. And what would constitute good cause? Well, Your Honor, I think good cause is defined as specific harm or prejudice. And so that would be, can the government show that giving these documents, either unsealing them completely or even just releasing a redacted version of them or under a protective order, that somehow that would harm some sort of compelling interest or that there would be good cause not to do so. I'm sorry, just one last question. Sure. Is the right that you're asserting now, is this a First Amendment common law right? Or is this some right peculiar to the defendant? Your Honor, I think we believe we can meet the higher First Amendment standard. We can also meet the higher common law standard. But at a minimum, the government has argued, well, if you can't meet those standards, it's cited cases saying that the very least of good cause standard applies. But good cause standard is still a right of the public? I am not entirely clear about that, Your Honor. So if you're a First Amendment and common law right, you have no more standing here than the Los Angeles Times would? That's correct. We would not dispute that. As to whether good cause is only to the defendant as opposed to the public at large, I would say that because this is a strong presumption in favor to access the court documents, it should be as to everyone, the public and the defendant, absent some showing of that. I think this all really comes back to the idea that there is a presumption in favor of transparency, in favor of people having access to these judicial records on the docket. Here, what happened is there was just a conflation of the standard between good cause or compelling reason and then the analysis that comes afterwards, which is were they relevant? Were they material? If the court has no further questions, I think I'll... Oh, I'm sorry. You did it, Your Honor. Let's say the judge looks at the document and her conclusion is this document has absolutely nothing to do with this case, any claim, any defense, etc., etc. What would you have the judge do? I think we still need to not skip the first step. And the first step is a separate inquiry and that inquiry has to do not with the relevance or the prejudice or whether it would have changed things at trial. It has to do with a separate inquiry and consideration of does the defendant and the public have a right to these documents? And then if the judge says, well, I think that they do have a right to them, then we can be part of the conversation. We can be part of the discussion and say, Your Honor, you're right. This wouldn't have made a difference. Or we could also come in and say, Your Honor, here's how this would have made a difference. Here's why this would have been relevant or material. But the court benefits from an adversarial system. And when we are cut out of the discussion, we basically have no ability to show to the court how this could have been material, how it could have been relevant. And those are the kinds of... Yes, sir. Sorry to interrupt. So you're saying the threshold question is we have to determine whether there's a First Amendment right or a common law right? Correct. And isn't this just really criminal discovery and there is no such right in these type of materials? Your Honor, if this was a document that never appeared on the docket, I would agree with you. We're not saying that everything in the government's possession is subject to this First Amendment or common law standard. But once it goes on the docket, there is this presumption of access. And that's when we first look at is there a compelling reason? Is there good cause? And then only afterwards do we look at materiality relevance. Have we ever, since we've set up this Henthorne framework where the government can submit something that's parted to the court, has the court ever ruled that such materials, Henthorne materials, there's a First Amendment right? I'm not aware of any case law that sort of considers the interplay between Henthorne and the ceiling. But I think at a minimum, that means that there is no case law saying that somehow Henthorne trumps the right to access. At a minimum, even if you say, well this is about Henthorne, there is still only a consideration to Henthorne as to the material itself, not to the motion that actually appeared on the docket. And there are many cases that we cite in our reply brief, pages five to seven, that makes that distinction between, even if you're going to seal an exhibit or materials or something that's attached to a motion, you still have to prove that there is not a right of access to the motion itself showing good cause or a compelling reason. So before you sit down, I just wanted to be sure I'm clear on your answer to a question you were asked a few minutes ago. Is this a discovery case or a First Amendment case? It's a First Amendment case. Or actually, Your Honor, I would say it's a sealing case. And because the first question, I'm sorry. Which, what was violated, the First Amendment or the applicable discovery rules? The First Amendment was violated. The common law was violated. At a minimum, the good cause standard was violated. And those all have to do with sealing. If the court decides that. First Amendment. First Amendment, sure. Absolutely. That is one of the reasons, one of the things that was violated. And if the court, you know, does decide, if the government does make the showing of a compelling reason or good cause, then, you know, that would be when the court would proceed on to consider is this material, is this relevant, would this have made a difference. But all we're asking for, Your Honor, is just to not be cut out of that discussion until and unless the government has shown that we first don't have a right to access that document. What, if anything, have you learned about the content of this document? What is this document? Do you know anything at all about it? The only thing I know is what was sort of suggested out in the government's brief here is that it somehow related to Hendthorne material that may have gone to impeachment or bias. That's all I know. And you know nothing substantive about this document? Nothing. If the court has no further questions, I'll save them right near my time. Thank you. Thank you. Good morning. May it please the Court. Zach Alpha of the United States. Hendthorne and his progeny govern this case. Those cases say that the government is entitled to submit an ex parte application and any attachments for review by the court. And I should note that does cover both the application and any attachments. To give an example, this court's Harmon case specifically noted that the government filed an ex parte application for in camera review of information related to an informant's activity. And the court said that that practice was not improper. It said it had previously upheld the practice. Do we have, I mean, Hendthorne decisions like four paragraphs, I mean, do we have to as a threshold matter look at and see if there's a First Amendment right or a common law right to that material before we move on? No. This court has case law in point for that scenario as well. I put the Graff case and the Shryock case in those cases. This court said that when a defendant creatively argues for a constitutional right of access but is clearly challenging, and I'll give the exact quote, rulings regarding sealed and in camera documents in a criminal case, then the court simply reviews for abuse of discretion. It doesn't apply any sort of public right of access theories. And my friends on the other side just said that this is a sealing case. So we're in that exact scenario addressed by Graff and Shryock. Now the reason you don't look to any right of access is because defendants actually have broader rights of access than the public because they have not only First Amendment rights, they have two process rights that would give them access to documents that the public might not have access to. So if a defendant doesn't have a right of access under Hendthorne and its progeny, then it can't be the case that there's some public right of access out there that would swoop in and give them those rights. So I think this court can easily decide the case just by applying its usual Hendthorne analysis. And maybe to take a step back and explain why I think there wouldn't be a right of access under the Hendthorne cases, Hendthorne is an optional protocol because the government obviously has an obligation to turn over information that is material to defense counsel, but it doesn't actually have an obligation to go to the court at all. That's sort of a prophylactic measure that the government can take if it's uncertain about the materiality of information, or in this case even if it's pretty sure that there's absolutely no materiality but wants to be extra safe and simply get the court's input. So it can't be the case that taking this sort of optional procedure would somehow create rights of access for the defendant that wouldn't exist relating to that discovery at all. But if this court were to analyze the common law right of access, the First Amendment right of access, the special need right of access under those frameworks, your conclusion would be the same. This court has already said in the Slough case, for example, that there is no history or tradition of access to discovery-related materials, but it also said that there is no tradition of access to materials submitted to the court related to discovery. And, in fact, it said that those materials are, quote, actually one step further removed in public concern. So I think the claim would fail at that step. And then the second step in the analysis is whether a public right of access would have a substantial positive impact on the proceedings. And, again, this court has said that granting a public right of access to discovery-related materials or discovery-related materials submitted to the court would actually have, quote, a deleterious effect on the discovery process. So I think it fails at that stage as well. And I should note that this would actually have a deleterious effect that could be quite negative for defendants in criminal cases as well. Because any time there's an ex parte submission related to reciprocal discovery or a theory of defense or something that the government doesn't get to see because it's an ex parte submission, then there would be a danger of having to provide the government with access to that material under a public right of access theory. And that's material that the government often doesn't see before trial. We often don't know about the theory of defense or defense witnesses, what their testimony will be, things like that. So I actually think this could have a quite negative effect for defendants as well. Then even if you found some common law right of access, we would submit that there is a compelling interest in keeping this information under seal, given that it would cause annoyance or embarrassment or otherwise cast a negative light on a witness potentially in the case. That can't trump First Amendment rights, which the First Amendment applied. I don't think it could if the material related to some action of a public official in office or some action, even of a private official, but related to their business with a public official. But when you're dealing with information that doesn't actually have anything to do with public actions, the actions of a public official, then I think the potential for embarrassment to that individual who wants to keep these things private could constitute a compelling interest. Again, I don't think you need to go down that road because the steps to actually establish a public interest haven't been established here. So I think the claim fails long before you get there. And then finally, I would just say even if you were to find that there was a common law right of access or a First Amendment right of access and that this stuff should have been disclosed, you can review the material yourself. I think you can easily conclude that it was harmless, given that, as the district court said, this information has no use under the sun. It wouldn't undermine any of the evidence that established guilt here. So any error would be harmless. I'm happy to answer any other questions the court has. Otherwise, I would ask the court to adjourn. Thank you. Just to briefly address some of the government's points. Before you start, let me just ask you one question. Let's assume that you did get access to this under the First Amendment. Once you got it, under the First Amendment, what restrictions would there be on your use? I think that would be part of the inquiry. So, for instance, if the government showed a compelling reason saying, look, no one at all should see this apart from defense counsel, we could view it under protective order. We could review a redacted version of it. And this court included has been very supportive of that type of measure that would allow there to be some access, for instance, to allow us to do the exact kind of appeal we'd like to do. But then now you're arguing that the court can allow you to see it but not anybody else. I think there could be good cause or compelling reason. That's contrary to the theory that you told us you were proceeding under, which is the First Amendment right. I asked you the question whether you didn't have any right any greater than the Los Angeles Times. And now you're telling me that you might have rights greater than the L.A. Times. I think that puts us back in Hendthorne. I apologize if I confused the court or if I said something inconsistent. But I think my general point, Your Honor, is there can be a compelling reason that no one should see it, including defense counsel. And there could also be a compelling reason or, for instance, good cause. And I think I understand what Your Honor is saying now. If there is a First Amendment right, then there needs to be a compelling reason as to everyone. If we're in good cause land, which the government's own cases say apply, even if the First Amendment doesn't apply, then the government would have to show, for instance, good cause as to why this is something that should be not viewed by anyone, including defense counsel, or why there would be good cause. And if we thought that that determination had been made by the district court, we review it for what? Genovo, abuse of discretion? If the court believes that there was a good cause determination, there's nothing in the record to say that there was. But if the court believes there was a good cause consideration, then we agree it's abuse of discretion review. If I could just end on the note, this is an ongoing problem in the Southern District of California. This is something that the government is regularly doing, and it completely denies defense counsel the ability to even be part of this conversation to show why materials should be relevant. And so this is something that the court should take very seriously under that strong presumption of access to the record. Thank you. Thank you. Thank you both for the helpful argument. The case has been submitted.
judges: Parker, BYBEE, LEE